**DENIED and Opinion Filed December 15, 2023**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-23-01251-CV**

**IN RE M.C., Relator**

**Original Proceeding from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-21-17924**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Nowell, and Miskel
Opinion by Justice Pedersen, III

Before the Court is relator's December 11, 2023 petition for writ of mandamus. Relator asks this Court to compel the trial court to vacate purported temporary orders dated November 27, 2023.

Relator's petition does not comply with the Texas Rules of Appellate Procedure. For instance, relator's petition lacks the required certification. *See* TEX. R. APP. P. 52.3(j) ("The person filing the petition must certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record."). Relator captioned his petition incorrectly. *See* TEX. R. APP. P. 52.1, 52.2. And relator did not

support all statements of fact in his petition with citations to competent evidence included in an appendix or record. *See* TEX. R. APP. P. 52.3(g) ("Every statement of fact in the petition must be supported by citation to competent evidence included in the appendix or record.").

Further, entitlement to mandamus relief requires relator to show that the trial court clearly abused its discretion and that relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Relator bears the burden of providing the Court with a record sufficient to show he is entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). The Texas Rules of Appellate Procedure require a relator to file with his petition (1) "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding" and (2) "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered into evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a). The rules further require a relator to file an appendix that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Because the parties in an original proceeding assemble their own record, this Court strictly enforces the requirements of rule 52 to ensure the integrity of the mandamus record.

*In re Vasquez*, No. 05-15-00592-CV, 2015 WL 2375504, at *1 (Tex. App.—Dallas May 18, 2015, orig. proceeding) (mem. op.).

Here, relator attached documents to his petition in an appendix, but none of the documents are certified copies. *See In re Romero*, No. 05-23-00922-CV, 2023 WL 6226322, at *1 (Tex. App.—Dallas Sept. 26, 2023, orig. proceeding) (mem. op.) ("Certified copies may be ordered from the appropriate court clerk."). Documents become sworn copies when they are attached to an affidavit or unsworn declaration wherein the affiant or declarant demonstrates under penalty of perjury that he or she has personal knowledge that the documents attached are true and correct copies of the originals. *Id.* Here, at the end of relator's petition, relator's attorney certifies that he has "personal knowledge that the items in the appendix and record are true and correct copies of documents material to Relator's claims and are either pleadings that are on file in the underlying suit . . . or orders signed by the trial court." But the certification does not invoke penalty of perjury and thus is insufficient. *In re Lancaster*, No. 05-23-00381-CV, 2023 WL 3267865, at *1 (Tex. App.—Dallas May 5, 2023, orig. proceeding) (mem. op.).

The purported record before us is also insufficient. For example, in his mandamus petition, relator relies in part upon events taking place at a purported November 20, 2023 hearing, and he challenges the sufficiency of the evidence presented at a November 27, 2023 hearing. But relator did not provide a reporter's record of either hearing. We note that relator's attorney provided another unsworn

declaration wherein he testified that the "trial court based its [purported temporary orders] on the papers on file in this case and the arguments of the attorneys," and that "[w]ith respect to the issue of significant impairment to the physical health or emotional well-being [of a child], no evidence was provided nor testimony received at the hearing." But in the next two sentences of his unsworn declaration, relator's attorney quotes purported testimony adduced at the hearing relevant to this original proceeding. "When determination of an original proceeding turns on factual evidence, the Court cannot determine the petition without a reporter's record." *In re Phung Van Tran*, No. 05-14-01551-CV, 2014 WL 7234616, at *1 (Tex. App.— Dallas, Dec. 19, 2014, orig. proceeding) (mem. op.). Affidavits are insufficient. *Id.*

Accordingly, relator's petition does not meet the requirements of the Texas Rules of Appellate Procedure for consideration of mandamus relief. In any event, relator failed to meet his burden to provide a record sufficient to demonstrate entitlement to mandamus relief. We deny relator's petition for writ of mandamus.

Also before the Court is relator's December 11, 2023 motion for emergency stay. We deny relator's emergency motion as moot.

Additionally, the appendix attached to relator's petition contains unredacted sensitive data, including a minor's full birthdate, in violation of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.9(a)(3), (b), (c).

Accordingly, we strike relator's petition and attached appendix.

231251f.p05

/Bill Pedersen, III/
BILL PEDERSEN, III
JUSTICE